JOURNAL ENTRY and OPINION
{¶ 1} Appellant Melvin Bourn appeals from a judgment of the common pleas court classifying him as a sexual predator. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. The court erred in classifying appellant as a sexual predator."
 {¶ 3} "II. The trial court erred in not giving appellant proper notice of the hearing required by ORC 2950.02(B)(2)."
 {¶ 4} Having reviewed the record and pertinent law, we reverse Bourn's sexual predator classification and remand for further proceedings. The apposite facts follow.
 {¶ 5} The grand jury indicted Bourn in two separate cases. In Case No. 420505, he was indicted in a two-count indictment for gross sexual imposition and intimidation. In Case No. 429437, he was indicted in a four-count indictment for kidnapping with sexual motivation, gross sexual imposition and two counts for retaliation.
 {¶ 6} The record shows on March 10, 2003, Bourn pled guilty to one count of gross sexual imposition in each case, with the remaining counts being nolled.
 {¶ 7} On April 21, 2003, the trial court held a hearing pursuant to R.C. 2950.09(C) to determine whether Bourn should be classified as a sexual predator and also conducted a sentencing hearing. Subsequently, the court journalized an entry adjudicating Bourn to be a sexual predator and sentenced him to sixteen months on each count to be served concurrently.
 {¶ 8} Because we find it dispositve of this appeal, we address Bourn's second assigned error first. Bourn argues in his second assigned error that he was not provided notice of the sexual predator hearing as required by R.C. 2950.09(B)(1), and this constitutes error requiring a new hearing.
 {¶ 9} "The notice requirement for sexual offender classification hearings under R.C. 2950.09(B)(1) is mandatory."[1] Notice is required so the parties have an adequate opportunity to gather supporting evidence and testimony in preparation for the hearing.[2]
 {¶ 10} The record indicates no objection was made by Bourn or his counsel at the hearing itself to going forward despite the absence of formal notice. However, the Ohio Supreme Court inState v. Gowdy[3] held the failure to provide notice of the hearing constitutes plain error.
 {¶ 11} In Gowdy, the defendant was convicted of two counts of rape and the trial court set the matter for a sentencing hearing without mentioning a sexual predator classification hearing. However, the trial court proceeded with both the sentencing hearing and the sexual predator determination on the previously set date and the defendant did not formally object to the lack of notice. The Ohio Supreme Court found "it is imperative that counsel have time to adequately prepare for the hearing."[4] The Court held that notice of the sentencing hearing is not sufficient notice of the sexual offender classification hearing. The Court concluded that "[t]o hold otherwise would make the hearing perfunctory in nature and would deny defendant the rights guaranteed him under the statute."[5] Thus, the Court held that lack of notice constitutes plain error which requires the defendant's classification as a sexual predator be vacated and the matter remanded to the trial court for a sexual offender classification hearing with proper advance notice of the hearing issued to the parties.[6]
 {¶ 12} Likewise, in the instant case, although the trial court gave notice regarding the date of the sentencing hearing, the record does not indicate that notice was provided to Bourn or his counsel, either orally or in writing, that a sexual predator determination would be made at that time, or at any time. Although Bourn's counsel failed to object to the lack of notice, and attempted to argue the list of non-recidivist factors on the psychological exam report indicated he did not pose a risk of reoffending, the Gowdy court has held that the lack of notice is plain error per se.[7]
 {¶ 13} Therefore, Bourn's second assigned error is well taken. Accordingly, we reverse the trial court's finding Bourn to be a sexual predator and remand for further proceedings.
 {¶ 14} Given our disposition of the second assigned error, Bourn's first assigned error is moot.[8]
 {¶ 15} Judgment reversed and remanded.
Dyke and Karpinski, JJ., concur.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] State v. Gowdy (2000), 88 Ohio St.3d 387, 2000-Ohio-355, syllabus.
[2] State v. Dawson, Cuyahoga App. No. 80035, 2002-Ohio-2142, P47.
[3] State v. Gowdy, 88 Ohio St.3d at syllabus.
[4] Id. at 398.
[5] Id.
[6] Id. at 398-399.
[7] State v. Oberacker, (March 22, 2001), Cuyahoga App. No. 77876; State v. Watson (June 14, 2001), Cuyahoga App. No. 78499; State v. Moore, Cuyahoga App. No. 79951, 2002-Ohio-1268.
[8] App.R. 12(A)(1)(c).