JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Quentin Blade ("Blade") appeals the sentence imposed by the Cuyahoga County Court of Common Pleas in three separate cases. For the reasons adduced below, we affirm. The following facts give rise to this appeal. In CR-422472, Blade pled guilty to one count of robbery, a felony of the second degree, punishable by two to eight years in prison and fines not to exceed $15,000. On June 6, 2002, Blade was sentenced to four years of community control sanctions.
 {¶ 2} In March 2003, Blade was indicted on three counts of aggravated robbery, a felony of the first degree, with one- and three-year firearm specifications on each count. In addition, on June 6, 2003, Blade was indicted on one count of failure to comply, a felony of the third degree; one count of aggravated vehicular assault, a felony of the fourth degree; and one count of resisting arrest, a misdemeanor of the first degree.
 {¶ 3} On June 24, 2003, Blade pled guilty in CR-435319 to all three counts of aggravated robbery, which is punishable by three to ten years in prison and fines not to exceed $20,000. In addition, Blade pled guilty to the one- and three-year firearm specifications, which merge but must be run consecutive to any sentence imposed on the underlying felony. In CR-438051, Blade pled guilty to failure to comply, which is punishable by one to five years in prison and up to a $10,000 fine, and attempted aggravated vehicular assault, as amended, which is punishable by six to twelve months in prison and up to a $5,000 fine. Finally, Blade admitted to violating his community control sanctions in CR-422742.
 {¶ 4} The trial court sentenced Blade to the minimum sentence of two years for violating his community control. In CR-435319, the court sentenced Blade to three concurrent seven-year terms plus the mandatory three years for the firearm specifications. Lastly, the court sentenced Blade to eleven months for the attempted aggravated vehicular assault and two years for the failure to comply. The court ordered all sentences to run concurrently, for a total of ten years; however, the court was informed that the failure to comply must run consecutive to any sentence imposed and so changed Blade's sentence on the failure to comply to one year. As a result of the change, Blade was sentenced to eleven years in prison.
 {¶ 5} Blade timely appeals this decision and advances two assignments of error for our review.
 {¶ 6} "I. Quentin Blade has been deprived of his liberty without due process of law by his sentences in the case at bar, as they do not comply with the statutory sentencing structure in Ohio."
 {¶ 7} Blade argues that the trial court erred by not making the requisite findings to impose more than the minimum in CR-438051. Further, Blade argues that the court's mistaken belief that failure to comply required a mandatory prison term prejudiced him in that his sentence was not given proper consideration by the trial court judge.
 {¶ 8} The law is well settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred.State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238, citing R.C. 2953.08(G)(1).
 {¶ 9} When sentencing an offender, the trial court must consider several aspects of the sentencing statute. First, the overriding purpose of the felony sentencing statute must be followed, namely, to protect the public from future crimes and to punish the offender. R.C. 2929.11(A). Also, the court must consider the need for "incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Finally, the sentence must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and be consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B). R.C. 2929.14(B) provides that when imposing a sentence upon a felony offender who has not previously served a prison term, "the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." When determining the seriousness of the offense and the likelihood of recidivism, the trial court should look to the factors in R.C. 2929.12.
 {¶ 10} In the instant case, Blade had not previously served a prison term; therefore, the trial court was required to impose the shortest prison term unless it made one of the required findings under R.C. 2929.14(B). Although Blade acknowledges that the court made the requisite findings for CR-435319, Blade argues that the court did not specifically make the findings for departing from the minimum in CR-438051 as to the attempted aggravated vehicular assault.
 {¶ 11} When reviewing a sentencing hearing, the appellate court reviews the record as a whole. See State v. Craddock,
Cuyahoga App. No. 82870, 2004-Ohio-627; State v. Thomas,
Cuyahoga App. No. 82674, 2004-Ohio-1907. In the instant case, the trial court did make the required statutory findings for departing from the minimum sentence and set forth the factors considered while making this determination. The court reviewed the sentencing guidelines and determined that the shortest prison term would demean the seriousness of the offense and not adequately protect the public from Blade, who has a long juvenile record, committed more crimes while on community control sanctions, and is a high risk to reoffend.
 {¶ 12} It is clear from the record that the trial court departed from the minimum in both cases due to the nature of Blade's criminal conduct in each case. The court felt that Blade's conduct was escalating and in order to protect the public it was necessary to send him to prison for a long time. The court noted that Blade used a gun and "scare[d] the hell out of these women," and on a later date, Blade led the police on a high speed chase, crashing into a pole and seriously injuring his passenger.
 {¶ 13} Finally, we note that the eleven-month sentence was ordered to run concurrent to the longer ten-year sentence imposed in the aggravated robbery case. Therefore, any error would be harmless. See State v. Bailey, Montgomery App. No. 19736, 2004-Ohio-273 (finding the eighteen-month sentence for vehicular assault is irrelevant in light of the eight-year sentence for involuntary manslaughter); State v. Stanishia, Franklin App. No. 01AP-1298, 2002-Ohio-4762 (reasoning that the trial court's failure to make a required finding before imposing consecutive sentences was harmless error where one of the sentences was life without parole, rendering the consecutive sentences irrelevant and non-prejudicial); State v. Avery (1998), 126 Ohio App.3d 36
(holding that any error in the imposition of a maximum sentence on one charge was harmless when the sentence was to be served concurrent with longer sentences on other charges).
 {¶ 14} Blade also argues that the court's erroneous belief that failure to comply carried with it a mandatory sentence prejudiced him. Blade argues that the court wanted to sentence him to ten years but did not believe it could because the court believed it was required to send him to prison on the failure to comply. We find Blade's argument unpersuasive for two reasons.
 {¶ 15} First, if the court wanted to sentence Blade to ten years, it could easily have done so. When the court changed its sentence for the failure to comply to one year, it could have reduced the time ordered for the aggravated robbery to reflect the total number of years the court desired. However, the court chose not to do that.
 {¶ 16} Second, it is clear from the record that the trial court felt Blade needed to serve a term of incarceration for each case he acquired. Although the court ordered the terms to run concurrent to each other, it is clear from the sentences imposed for each count that the court considered each crime individually and the harm caused by Blade's conduct. Again, the court noted that Blade took the police on a high speed chase, plowing into a telephone pole and seriously injuring his passenger. The court further stated "* * * I will not consider anything less than the time you've gotten. You did a lot of time where you served the city, and you didn't get it. I am duty bound to protect the public because I think ultimately you're going to really end up hurting somebody if you don't figure it out sometime. Good luck. I know it's a long time. Good luck."
 {¶ 17} For the above reasons, Blade's first assignment of error is overruled.
 {¶ 18} "II. The trial court was without jurisdiction to impose a prison term for the violation of community controlled sanctions in CR. 442472 as the trial court had not informed Mr. Blade of the sentence he faced for violating his community controlled sanctions at the time they were imposed."
 {¶ 19} In this assignment of error, Blade alleges that the trial court was without jurisdiction to sentence him to two years in prison following his violation of community control because he was not advised at sentencing, pursuant to R.C. 2929.19(B)(5), of the prison term he faced if he violated community control. Blade further states that the court did not include in its journal entry the specific sentence he would receive if he violated his community control sanctions and therefore his sentence is void. We disagree.
 {¶ 20} R.C. 2929.19(B)(5) states in pertinent part:" If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose * * * a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 21} In State v. Carter (1999), 136 Ohio App.3d 367, 369, the court stated that "a trial court may only sentence an individual to a prison term for violation of community control sanctions when: (1) defendant was informed during the sentencing hearing of the prison term to be imposed for violation of the sanctions; and (2) the prison term does not exceed the term defendant was notified of during the sentencing hearing." SeeState v. Gilliam (June 10, 1999), Lawrence App. No. 98 CA 30.
 {¶ 22} At Blade's first sentencing hearing, the trial court stated:
 {¶ 23} "All right. Well, you have a horrible juvenile record, and on one hand I could send you off to prison really in a heartbeat.
 {¶ 24} "We'll give you one chance. But you are not going to walk out and you're not going to be living with your grandmother right now. * * * You've got to stay off the drugs. You've got to keep away from wherever you're getting that crap; do you understand that?"
 {¶ 25} Blade responded, "Yes, ma'am."
 {¶ 26} The court went on to say: "Or you will do the time. You're going to do a lot of time, as I can see it, if you mess up. So this is your one chance.
 {¶ 27} "All right. The Court is going to sentence you to five years."
 {¶ 28} The trial court then explained to Blade the conditions of his community control, including the halfway house, and the fact that he would be under the court's jurisdiction for the next four years. The court reiterated that "you come back here once for any of these, for failing to comply with any of these conditions and you'll be going to prison for $45" (referring to the small amount of money gained through his criminal activity).
 {¶ 29} After finding that Blade violated his community control sanctions, the trial court sentenced him to two years in prison, the minimum sentence for a felony two robbery and three years less than the sentence indicated at his hearing. However, the journal entry only stated that a "[v]iolation of the terms and conditions may result in more restrictive sanctions, or a prison term."
 {¶ 30} Ordinarily, a court speaks only through its journal entries; however, in the interests of justice, appellate courts will examine the entire record to determine the basis of the lower court's decision. Joyce v. General Motors Corp. (1990),49 Ohio St.3d 93. Furthermore, courts possess inherent authority to correct errors in judgment entries by issuing nunc pro tunc entries so that the record speaks the truth. State ex rel.Fogle, 74 Ohio St.3d 158, 163. It is clear from the record that Blade was advised that he faced up to five years in prison if he violated any of the conditions of his community control.
 {¶ 31} Blade's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., Blackmon, J., Concur.