JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant, Thomas Hunter ("defendant"), challenges the imposition of more than the minimum sentence in violation of R.C. 2929.14(B). For the reasons that follow, we vacate defendant's sentence and remand for resentencing.
 {¶ 3} Defendant's sole assignment of error provides:
 {¶ 4} "I. Appellant was improperly sentenced pursuant to invalid sections of the Ohio Revised Code, including Section 2929.14(B)."
 {¶ 5} Defendant pled guilty to a second-degree felony, exposing him to a potential prison term of between two and eight years. Based on mandatory findings contained in R.C. 2929.14(B), the trial court imposed a seven-year prison term. The Ohio Supreme Court has since declared unconstitutional and excised those, among other, sentencing provisions from the statutory scheme. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶¶1-4, applying United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531; and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348.
 {¶ 6} Following Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph 7 of the syllabus; State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at paragraph 3 of the syllabus. Nonetheless, defendants that were sentenced under unconstitutional and now void statutory provisions must be resentenced. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶¶103-106. Accordingly, defendant's sole assignment of error is sustained. Sentence vacated; cause remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Blackmon, J., Concur.