JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Quentin[1] Blade appeals from a sentence imposed on remand under authority of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, which he claims violated the prohibition against ex post facto punishments and which he claims improperly ordered him to pay court costs despite his indigence. Consistent with abundant authority from this district, we reject Blade's argument relating to ex post facto application of Foster. We do, however, find merit to his argument regarding court costs.
 {¶ 2} Blade pleaded guilty in three different criminal cases. In May 2002, Blade pleaded guilty in CR-422472 to one count of robbery, a second degree felony. The court imposed community controlled sanctions and ordered him to pay court costs. In June 2003, Blade pleaded guilty in CR-435319 to three counts of aggravated robbery with firearm specifications. At the same time, Blade pleaded guilty in CR-438051 to one count of failure to comply and one count of attempted aggravated vehicular assault.
 {¶ 3} The court sentenced Blade to a total of 10 years in CR-435319. That sentence consisted of seven years on the aggravated robbery counts, to be served after a three-year sentence on the firearm specifications. The court found that Blade *Page 4 
violated the terms of his community controlled sanction in CR-422472, and imposed the minimum term of two-years, to be served concurrent with the sentence in CR-435319. Finally, the court sentenced Blade in CR-438051 to one year of mandatory time on the failure to comply count, and 11 months on the attempted aggravated vehicular assault count. Those two counts were to run concurrent, but consecutive to the sentences ordered in CR-422472 and CR-435319. The court specifically waived the imposition of court costs.
 {¶ 4} On direct appeal, Blade complained that the trial court did not make the required findings under R.C. 2929.14(B) when it sentenced him to more than the minimum term on the attempted aggravated vehicular assault conviction. A panel of this court found that even though Blade had not previously served a prison term, the court made the requisite finding that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. See State v.Blade, Cuyahoga App. No. 83796, 2004-Ohio-4486, at ¶ 11. We therefore affirmed the sentence.
 {¶ 5} In In re Ohio Crim. Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, the supreme court reversed this court on authority of Foster. The first paragraph of the syllabus to Foster held that R.C.2929.14(B) and (C) and 2929.19(B)(2) were unconstitutional because they required judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant; hence, they are unconstitutional. The court ordered *Page 5 
those sections severed and held that judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. Id., paragraph two of the syllabus.
 {¶ 6} On remand for resentencing, the court imposed the same sentence, despite Blade's argument that he was entitled to the minimum concurrent sentence on each count.
 I {¶ 7} Blade first argues that the application of the Foster remedy — a remand for resentencing under redacted statutes — violates the prohibition against ex post facto punishment because it allowed the court to supersede the legislative presumption in favor of a minimum term of incarceration and impose a sentence within the statutory range for a particular degree of offense.
 {¶ 8} This court, consistent with every other appellate district in the state,[2] has held that Foster does not judicially increase the range of an offender's sentence, does not retroactively apply a new statutory maximum to an earlier committed crime, and does not create the possibility of consecutive sentences where none existed. See State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at T|47. See, also,State v. Blackmon, Cuyahoga App. No. 88512, 2007-Ohio-3068; State v.Shields, Cuyahoga App. No. 88642, 2007-Ohio-3535. Blade clearly understood the *Page 6 
sentencing range for each offense, and the sentences the court imposed were all within that range. Blade's rights were not affected.
 II {¶ 9} Blade next argues that the court abused its discretion by failing to waive court costs due to his indigence, and that counsel acted ineffectively by failing to ask the court to waive court costs as it had done when it originally sentenced him.
 {¶ 10} In order to demonstrate ineffective assistance of counsel, Blade must first show that counsel's performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v. Washington (1984), 466 U.S. 668, 687. Second, Blade must demonstrate that these errors prejudiced his defense such that there exists a reasonable probability that, were it not for counsel's errors, the outcome of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 11} R.C. 2947.23(A)(1) states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Court costs may, however, be waived in the discretion of the court if the court first determines that the defendant is indigent. See R.C. 2949.092; State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, at paragraph four of the syllabus. The court may only grant a waiver of court costs if the defendant makes a motion at the time of sentencing. State v. Clevenger, 114 Ohio St.3d 258,2007-Ohio-4006, at ¶ 5, citing *Page 7 State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph two of the syllabus. If the defendant fails to make a motion to waive court costs at the time of sentencing, "the issue is waived and the matter of costs are res judicata." Id.
 {¶ 12} Counsel had an essential duty to seek a waiver of court costs at the time of sentencing. The record shows that the court had previously waived the imposition of court costs against Blade, and there is nothing in the record of the resentencing to show a change in Blade's circumstances from the earlier waiver of costs. We find no justification for counsel's failure to request a waiver of costs during resentencing and conclude that counsel violated an essential duty owed to the client. Cf. In re Carter, Jackson App. No. 04CA15, 2004-Ohio-7285 (reasonable defense counsel faced with evidence of client's indigence would have informed the court that his client was indigent and asked the court to either waive the court costs or impose a term of community service instead of court costs).
 {¶ 13} We have held in related circumstances that a "[f]ailure to file the affidavit is ineffective assistance of counsel if the record shows there is a reasonable probability the defendant would have been found indigent." See State v. Huffman (Jan. 26, 1995), Cuyahoga App. No. 63938, citing State v. Powell (1992), 78 Ohio App.3d 784. The court's prior waiver of court costs showed a reasonable probability that it would have again waived costs had counsel made a timely motion. Counsel's failure to seek a waiver of court costs based on Blade's indigence was inexplicable. *Page 8 
We therefore sustain the second assignment of error and order that the court costs assessed against Blade be vacated.
Judgment affirmed in part and reversed in part.
It is ordered that the parties bear their own costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] Appellant's first name is spelled "Quenton" in Appeal No. 88703; "Quinton" in Appeal No. 88704; and "Quentin" in Appeal No. 88705. The record also contains notice of commitment and calculation of sentence from the department of rehabilitation and correction which spells appellant's name as "Quenton." We use the spelling "Quentin" as that corresponds to the spelling used by appellant in his pro se notice of appeal and two separate affidavits of indigence. The use of this name also corresponds to the spelling used in appellant's previous cases in this court and the supreme court.
[2] See State v. Shelton, Cuyahoga App. No. 88477, 2007-Ohio-3900, at fn.5 (collecting cases). *Page 1