JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Thomas Hunter, appeals the trial court's April 2007 sentencing judgment. We affirm.
 {¶ 2} Hunter pleaded guilty to attempted felonious assault, and was sentenced to a seven-year term. On the authority of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, this court vacated the sentence and remanded for resentencing. State v.Hunter, Cuyahoga App. No. 87627, 2006-Ohio-5259. On April 13, 2007, Hunter was resentenced to seven years. The record indicates that his attorney had been appointed one hour prior to the sentencing hearing.
 {¶ 3} In his first assignment of error, Hunter contends that he was denied his constitutional right to the assistance of counsel because his attorney was appointed one hour before the sentencing hearing.
 {¶ 4} An indigent criminal defendant has a Sixth Amendment right to competent counsel. Thurston v. Maxwell (1965), 3 Ohio St.2d 92, 93,209 N.E.2d 204. The right to counsel, however, does not include a right to a meaningful or peaceful relationship between counsel and the defendant.State v. Blankenship (1995), 102 Ohio App.3d 534, 558, 657 N.E.2d 559, citing Morris v. Slappy (1983), 461 U.S. 1, 13, 103 S.Ct. 1610,75 L.Ed.2d 610.
 {¶ 5} Although Hunter's counsel was appointed to the case one hour prior to the sentencing hearing, he did not make an appeal to the court upon the record that he was unprepared to represent Hunter and request more time to prepare. Moreover, there is no *Page 4 
evidence contained within the record that information was available but not presented that might have had a tendency to mitigate the sentence imposed by the court. Rather, the record indicates that counsel had an opportunity to discuss the case with Hunter, and the court was presented with potentially mitigating information.
 {¶ 6} The cases cited by the dissent are not on point. Powell v.Alabama (1932), 287 U.S. 45, 77 L.E. 158, 53 S.Ct. 55, involved not giving young men adequate time in a capital case to retain counsel, and a judge who accepted volunteer counsel for the men on the first day of trial. Hunt v. Mitchell (C.A. 6, 2001), 261 F.3d 575, involved a defendant who was "lost" in the county jail, only to be "found" on what the court calculated was the 90th day after his arrest. The court gave him the option of waiving his right to speedy trial or waiving his right to speak to counsel whom the court had just appointed before voir dire. The defendant would not waive any of his constitutional rights, went to trial and lost; the Sixth Circuit, in a habeas proceeding, held that he was, under those facts, effectively denied his right to assistance of counsel. The Sixth Circuit held that a judge cannot make someone trade one constitutional right (speedy trial) for another (a prepared counsel).
 {¶ 7} The dissent also cites State v. Johnson, Cuyahoga App. No. 80436, 2002-Ohio-7057, for the proposition that appointing counsel on the day of trial has been held to be prejudicial error. InJohnson, this court found, that while such a situation could be found to be prejudicial error, there was no error in that case because, similar to this case, "[n]ot only did appellant never voice any hesitancy with appointed counsel, appointed counsel did not *Page 5 
indicate or otherwise demonstrate to the court that counsel was unprepared to go forward." Id. at ¶ 13.
 {¶ 8} In United States v. Dinapoli (C.A. 6, 1975), 519 F.2d 104, counsel was "caught by surprise" when, after a jury verdict, the trial court did not refer the defendant for a pre-sentence investigation, but insisted on proceeding directly to sentencing. Counsel requested acontinuance to prepare, and the continuance was denied.
 {¶ 9} Likewise, State v. Weaver, 141 Ohio App.3d 512, 2001-Ohio-3216,751 N.E.2d 1096, does not apply. In Weaver, the defendant was jailed on a bench warrant. He was taken directly to a courtroom, where he was explicitly advised that he was not facing a probation revocation. Despite this advisement, his probation was revoked. The case was decided upon the issue of notice of hearing; there is no indication in the case that defense counsel was even present.
 {¶ 10} State v. Bourn, Cuyahoga App. No. 82892, 2004-Ohio-1260, andState v. Gowdy, 88 Ohio St.3d 387, 2000-Ohio-355, 727 N.E.2d 579, hold that since notice of a sexual predator hearing is a statutory requirement, proceeding to a sexual predator hearing without notice is error.
 {¶ 11} Finally, in State v. Walton, Cuyahoga App. No. 90140,2008-Ohio-3550, after two trials (the jury being hung in the first, and reaching a verdict in the second), counsel was appointed for the defendant one hour prior to the proceedings, which consisted of a plea to repeat violent offender specifications, sentencing, and a sexual predator hearing. Appointed counsel had not been present during either trial. *Page 6 
 {¶ 12} On the issue of whether Walton was denied his right to counsel of choice under the Sixth Amendment, this court held that: "* * * although appointed counsel did not object and stated that he had acquainted himself with the case file, the trial court's appointment of counsel one hour prior to the RVO plea, sentencing, and sexual predator hearing is a per se violation of an appellant's right to assistance of counsel." Id. at ¶ 44.
 {¶ 13} We find that Walton and this case are not in conflict. This case implicates the appointment of counsel before a sentencing hearing only, while Walton implicates the appointment of counsel before a RVO plea, a sentencing, and a sexual predator hearing. This distinction is significant.
 {¶ 14} The only two cases that are arguably pertinent arePowell and Hunt. Powell holds that the court cannot appoint someone on the day of trial in a case where death is the penalty, and Hunt says that the court cannot make a defendant choose between competent counsel and speedy trial. Neither case in any fashion establishes a minimum time necessary to prepare for a sentencing hearing.
 {¶ 15} Accordingly, on the record in this case, the first assignment of error is overruled.
 {¶ 16} For his second assignment of error, Hunter contends that his sentence is void because, although the trial court stated the term of postrelease control, it failed to advise him of the penalties for violating postrelease control.
 {¶ 17} The Eleventh Appellate District addressed this issue inState v. Sharpless, Portage App. No. 2006-P-0088, 2007-Ohio-1922, holding: *Page 7 
 {¶ 18} "We find the trial court's notice sufficient for the purposes of informing an offender that he will be subject to postrelease control. Neither the statute nor case law requires a sentencing court to provide precise information about the conditions of postrelease control. See [State ex rel.] Cruzado [v. Zaleski], 111 Ohio St.3d 353,2006-Ohio-5795, at ¶ 26, 856 N.E.2d 263 (approving the notice given at a resentencing hearing although the trial judge `misstated' the duration of postrelease control); Watkins v. Collins, 111 Ohio St.3d 425,2006-Ohio-5082, at ¶ 53, 857 N.E.2d 78 (finding the notice sufficient although `mistakenly' indicating postrelease control was discretionary); [State v.] Phillips, [Logan App. No. 8-06-14,] 2007-Ohio-686, at ¶ 33
(trial court `incorrectly' advised the offender that postrelease control would be discretionary)." Sharpless at ¶ 43.
 {¶ 19} We agree with the Eleventh Appellate District that the court's notice to Hunter of the term of postrelease control was sufficient, and the court was not required to provide information about the conditions of postrelease control.
 {¶ 20} Accordingly, the second assignment of error is overruled.
 {¶ 21} For his third assignment of error, Hunter argues that the trial court abused its discretion, violated his due process rights, and precluded meaningful appellate review by not offering any reasons for the sentence it imposed.
 {¶ 22} The Ohio Supreme Court stated in Foster that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. *Page 8 
 {¶ 23} Hunter's sentence was within the statutory range and appears to otherwise be proper. The third assignment of error is therefore overruled.
 {¶ 24} In his fourth assignment of error, Hunter contends that his sentence is contrary to law and in violation of his due process rights because the trial court failed to consider consistency and proportionality.
 {¶ 25} R.C. 2929.11(A) provides that a trial court which sentences an offender for a felony conviction must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 26} In Foster, the Ohio Supreme Court held that trial courts must still follow R.C. 2929.11 when sentencing offenders. Id. at ¶ 36. The Court held that R.C. 2929.11 does not mandate judicial fact-finding; rather, the trial court is merely to "consider" the statutory factors set forth in this section prior to sentencing. Id.
 {¶ 27} This court has also held that judicial fact-finding is not required under R.C. 2929.11. See State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341, at ¶ 20. Thus, trial courts must merely "consider" the statutory factors before imposing sentence.
 {¶ 28} Consistency in sentencing is achieved by weighing the sentencing factors. Georgakopoulos at ¶ 27. See, also, State v.Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836, *Page 9 
at ¶ 17, ¶ 19. In this case, the trial court stated in its sentencing judgment entry that it "considered all required factors of law[,]" and "finds that prison is consistent with the purpose of R.C. 2929.11." Because the court followed the statutory process for felony sentencing, the sentence imposed is within the statutory range for Hunter's conviction, and the record is devoid of any evidence of inconsistency or disproportionality, we find that his sentence is supported by the record and not contrary to law.
 {¶ 29} The fourth assignment of error is overruled.
 {¶ 30} For his fifth assigned error, Hunter argues that his due process rights were violated because "he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework." In particular, Hunter argues thatFoster cannot be applied to him because his criminal conduct predated the decision.
 {¶ 31} This issue has been addressed by this court:
 {¶ 32} "This court has repeatedly held that applying the remedial holding in Foster to a criminal defendant does not violate his due process rights or ex post facto principles. See, e.g., State v.Stokes, Cuyahoga App. No. 88939, 2007-Ohio-5063; State v.Velasquez, Cuyahoga App. No. 88748, 2007-Ohio-3913; State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715; see, also, State v.Hardesty, Pickaway App. No. 07CA2, 2007-Ohio-3889 (recognizing other Ohio appellate courts have determined the application of Foster to defendants who committed their offenses before that decision was released does not violate due process and does not function as an ex post facto law)." State v. Craddock, Cuyahoga App. No. 89484,2008-Ohio-448, at ¶ 13. *Page 10 
 {¶ 33} Based on this court's prior decisions, Hunter's fifth assignment of error is overruled.
 {¶ 34} Finally, Hunter contends that his trial counsel was ineffective because he failed to request that court costs be waived due to his indigence.
 {¶ 35} Hunter cites State v. Blade, Cuyahoga App. Nos. 88703, 88704, and 88705, 2007-Ohio-5323, in support of his contention that "`[c]ounsel had an essential duty to seek a waiver of court costs at the time of sentencing.'" (Quoting Blade at ¶ 12.) Blade relied on Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, which requires that a defendant claiming ineffective assistance of counsel make a showing of both deficient performance and actual prejudice, "such that there exists a reasonable probability that, were it not for counsel's errors, the outcome of the trial would have been different."Strickland at 694.
 {¶ 36} In Blade, an indigent defendant was resentenced and his attorney did not request that the court waive costs, despite the fact that the costs had been waived at his previous sentencing. Finding that nothing had changed in the defendant's circumstances in the time between the two sentencing hearings, this court found "no justification for counsel's failure to request a waiver of costs during resentencing and conclud[ed] that counsel violated an essential duty owed to the client." Id. at ¶ 12.
 {¶ 37} Although the record indicates that Hunter, like Blade, had been indigent at the prior sentencing, it also indicates that costs had previously been imposed upon him. Hunter did not seek a waiver of costs at his first sentencing, nor did he appeal the imposition of costs *Page 11 
in his first appeal. He, therefore, cannot make the same showing of prejudice as did Blade. Moreover, the Ohio Supreme Court has held that "R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, and to do so even if the defendant is indigent."State v. Clevenger, 114 Ohio St.3d 258, 2007-Ohio-4006, 87 N.E.2d 589, at ¶ 3, citing State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989,817 N.E.2d 393.
 {¶ 38} Accordingly, the sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., CONCURS; ANN DYKE, J., DISSENTS WITH SEPARATE OPINION