{¶ 39} I respectfully dissent. I find merit to the defendant's first assignment of error which states: *Page 12 
 {¶ 40} "The Appellant was effectively denied his constitutional right to the assistance of counsel where his counsel was appointed one hour before the Appellant's sentencing hearing."
 {¶ 41} In the seminal case of Powell v. Alabama (1932), 287 U.S. 45,77 L.Ed. 158, 53 S.Ct. 55, the Supreme Court stated that one of the fundamental rights guaranteed by the due process clause of the Fourteenth Amendment is the right of the accused to have the aid of counsel for his defense and this includes the right to have sufficient time to advise with counsel and to prepare a defense. See, also,Hunt v. Mitchell (C.A.6, 2001), 261 F.3d 575. Thus, a court's decision to appoint counsel on the day of trial has been found to be prejudicial error. See State v. Johnson, Cuyahoga App. No. 80436, 2002-Ohio-7057.
 {¶ 42} A trial court must also provide defense counsel with reasonable opportunity to prepare for a sentencing hearing. United States v.Dinapoli (6th Cir. 1975), 519 F.2d 104, 107(error to proceed to sentencing immediately after verdict). See, also, State v. Weaver,141 Ohio App. 3d 512, 2001-Ohio-3216; 751 N.E.2d 1096 (trial court erred in failing to provide adequate opportunity to prepare his arguments pertaining to parole revocation or sentencing). Cf. State v. Bourn, Cuyahoga App. No. 82892, 2004-Ohio-1260 (Trial court must provide adequate notice of sexual predator hearing in order to provide counsel with a sufficient opportunity to prepare for hearing); State v.Gowdy, 88 Ohio St.3d 387, 2000-Ohio-355, 727 N.E.2d 579.
 {¶ 43} Moreover I would conclude that this court's decision inState v. Walton, Cuyahoga App. No. 90140, 2008-Ohio-3550 is applicable to this matter. In State v. Walton, *Page 13 
supra, this court concluded that the appellant was denied adequate assistance of counsel when the trial court appointed counsel one hour prior to the proceedings. This court stated:
 {¶ 44} "The duty to provide counsel `is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case.'" [Citing to Powell v. Alabama, supra.] * * * .
 {¶ 45} "Courts have previously determined that a trial court's decision to appoint counsel on the day of trial constitutes prejudicial error and effectively denies a defendant his constitutional right to assistance of counsel. Hunt [v. Mitchell (2001), 261 F.3d 575, 585, quoting Avery v. Alabama (1940), 308 U.S. 444, 446, 60 S.Ct. 321,84 L.E.2d 377], supra; State v. Johnson, Cuyahoga App. No. 80436, 2002-Ohio-7057. `"The likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.' Hunt, supra quoting United States v. Cronic (1982),466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657.
 {¶ 46} In this matter, the record indicates that this Court reversed and remanded defendant's conviction on October 5, 2006. See State v.Hunter, Cuyahoga App. No. 87627, 2006-Ohio-5259. The record also indicates that the attorney who represented defendant in his direct appeal did not handle the matter on remand. It is unclear when counsel was appointed for resentencing, and the trial court's January 5, 2007 journal entry setting the matter for re-sentencing on January 30, 2007 did not appoint an attorney. In addition, the *Page 14 
transcript demonstrates that a public defender appeared on behalf of defendant at the hearing and stated:
 {¶ 47} "As the Court is aware, I've only been involved in this case since an hour ago." (Tr. 3). The trial court never inquired as to whether counsel was prepared to proceed and counsel made an extremely brief statement to the court explaining that defendant had a family, testified honestly and was remorseful. From this passage, I would accept the public defender's contention that he was appointed one hour before the hearing. I would also find this time period insufficient to prepare for the sentencing hearing. It is not clear to me why additional notice and time to prepare was not provided, as this matter had been pending in the trial court for over three months following our remand. This situation presents a "Catch-22" for attorneys: where they are ordered to appear on short notice with insufficient time to prepare, they face the possibility of providing ineffective assistance of counsel; yet they also face the possibility of contempt of court if they refuse to proceed under these circumstances. A sentencing hearing is a critical phase of the proceedings and must be treated as such, with counsel given adequate time for counsel to prepare. *Page 1