JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant James Hayden (appellant) appeals his conviction and sentence for robbery and the denial of his motion to withdraw guilty plea, and alleges ineffective assistance of counsel. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} In December 2006 and February 2007, appellant was indicted for receiving stolen property, robbery, and escape in three separate cases. On September 5, 2007, appellant pled guilty to two counts of receiving stolen property, one count of robbery, and one count of escape. Subsequently, appellant filed a motion to withdraw his guilty plea relating only to the escape charge. On September 14, 2007, the court held a hearing on appellant's motion, which the court denied the same day. The court then sentenced appellant to an aggregate of 20 months in prison.
 II. {¶ 3} In appellant's first assignment of error, he argues that "[t]he robbery conviction and sentence must be vacated due to the State's failure to include a mens rea element in the indictment and amended indictment in violation of State v. Colon, 2008 Ohio 1624 and the Ohio and federal Constitutions."
 {¶ 4} In State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624 (ColonI), the Ohio Supreme Court held that an indictment for robbery in violation of R.C. 2911.02(A)(2) was defective because it failed to charge recklessness as the mens rea, which is an essential element of the crime. Id. at ¶ 19. *Page 4 
 {¶ 5} In the instant case, we are asked to apply the Colon I holding to a case in which the defendant pled guilty to robbery in violation of R.C. 2911.02(A)(3). We decline to extend Colon I to cases in which the defendant pled guilty to the indictment.
 {¶ 6} On July 31, 2008, the Ohio Supreme Court issued State v.Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 (Colon II), a reconsideration of the court's holding in Colon I In Colon II, the court limited the holding of Colon I to "rare cases, * * * in which multiple errors at the trial follow the defective indictment." The instant case did not go to trial; therefore, it can be distinguished from Colon I. Furthermore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates (1992), 64 Ohio St.3d 269, 272 (quotingTollett v. Henderson (1973), 411 U.S. 258, 267). See, also, State v.Gant, Allen App. No. 1-08-22, 2008-Ohio-5406 (holding that "[t]his Court is not persuaded that the Court in Colon was also overruling the longstanding waiver rules with regard to guilty pleas. Accordingly, this Court finds that Gant admitted guilt of the substantive crime of burglary and has, therefore, waived any alleged indictment defects for purposes of appeal").
 {¶ 7} Appellant's first assignment of error is overruled.
 III. {¶ 8} In his second assignment of error, appellant argues that "the trial court erred to the prejudice of the appellant in denying his motion to withdraw his guilty plea as to CR 492545 (Escape) in violation of the Fourteenth Amendment of the federal Constitution." *Page 5 
Specifically, appellant argues that he was innocent of escape and it would be manifestly unjust for the court to accept his guilty plea.
 {¶ 9} Crim. R. 32.1 governs withdrawals of guilty pleas, and it reads, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} In State v. Peterseim (1980), 68 Ohio App.2d 211, at syllabus, this court held that a "trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." Furthermore, the standard of review for analyzing motions to withdraw guilty pleas made before sentencing has occurred can be found in State v. Xie (1992), 62 Ohio St.3d 521, 526: "Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *" (citing Barker v. United States (C.A.10, 1978), 579 F.2d 1216, 1223 (internal citations omitted)). *Page 6 
 {¶ 11} In the instant case, the court held a Crim. R. 32.1 hearing on appellant's motion to withdraw his guilty plea for the escape charge. The court found that appellant was represented by highly competent counsel during his full Crim. R. 11 hearing. In giving consideration to appellant's request, the court found that appellant made his guilty plea knowingly, voluntarily, and intelligently.
 {¶ 12} At the Crim. R. 32.1 hearing, appellant alleged, essentially pro se, that he was innocent of the escape charge by arguing the merits of whether or not he was technically on postrelease control at the time the offense was committed. The court warned appellant that he had an attorney present in the courtroom with him, and he may want to consult with his attorney before continuing. The court also urged appellant to argue his motion to withdraw his guilty plea rather than the merits of his case.
 {¶ 13} The state argued that appellant's guilty plea for escape was part of an agreement based on all three cases before the court, but that appellant was attempting to withdraw his plea on only one charge. The state also reminded the court that appellant did not challenge the soundness of his plea or allege a Crim. R. 11 error. Rather, appellant only argued his innocence.
 {¶ 14} We cannot say that the court abused its discretion when it denied appellant's motion. See State v. Scott, Sandusky App. No. S-05-035, 2006-Ohio-3875 (holding that "defendant's claims of innocence are not sufficient, absent any offer of evidence to support this claim, to warrant withdrawal of a plea knowingly entered. A change of heart or mistaken *Page 7 
belief about his guilty plea does not constitute a basis that requires a court to permit a defendant to withdraw his guilty plea") (internal citations omitted).
 {¶ 15} Accordingly, appellant's second assignment of error is overruled.
 IV. {¶ 16} In appellant's third and final assignment of error, he argues that "counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution when he failed to request the trial court to waive or suspend the court costs in violation of State v. Blade, 2007 Ohio 5323."
 {¶ 17} To substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668; State v. Brooks (1986), 25 Ohio St.3d 144. In State v.Bradley, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v.Bradley (1989), 42 Ohio St.3d 136. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 142.
 {¶ 18} R.C. 2743.23 requires an imposition of court costs on a criminal defendant. R.C. 2949.092 states that the court may not waive these costs unless the court determines, upon motion, that the offender is indigent. See State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989
(noting that R.C. 2949.092 is permissive in nature). In State v.Blade, Cuyahoga *Page 8 
App. Nos. 88703, 88704, and 88705, 2007-Ohio-5323, this court held that it was ineffective assistance of counsel when the defense attorney failed to request a waiver of court costs at a resentencing hearing, after the court waived costs at the original sentencing hearing. "The court's prior waiver of court costs showed a reasonable probability that it would have again waived costs had counsel made a timely motion." Id. at ¶ 13.
 {¶ 19} We find the instant case distinguishable from Blade in that there is no showing of a "reasonable probability" that the court would have waived the costs had defense counsel filed a motion. As appellant cannot show the same prejudicial effect as the defendant inBlade, defense counsel's failure to move for waiver does not pass the second prong of Strickland. Waiver of court costs is not mandatory and there is no way to predict what the court would have done. AccordState v. Hunter, Cuyahoga App. No. 89796, 2008-Ohio-3793. TheBlade holding is limited to the unique facts of that case, and appellant's third and final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., CONCURS WITH ASSIGNMENTS OF ERROR I AND II AND CONCURS IN JUDGMENT ONLY WITH ASSIGNMENT OF ERROR III; and CHRISTINE T. McMONAGLE, J., CONCURS WITH ASSIGNMENTS OF ERROR I AND II AND DISSENTS WITH ASSIGNMENT OF ERROR III. *Page 1