DECISION AND JUDGMENT ENTRY
{¶ 1} Joshua Countryman appeals the Washington County Court of Common Pleas' classification that he is a Tier III sex offender subject to the requirements of Senate Bill 10, which was in effect on the date the court classified and sentenced him, but was not in effect on the date he committed the sex crime of rape.
 {¶ 2} The classification of sexual offenders and the notification requirements of the same are contained in Chapter 2950 of the Revised Code. Senate Bill 10 amended Chapter 2950 of the Revised Code. Parts of Senate Bill 10 were effective on July 1, 2007, and parts of it were effective on January 1, 2008. *Page 2 
 {¶ 3} On appeal, Countryman contends that the trial court's retroactive application of Senate Bill 10 is unconstitutional. Because Countryman failed to raise his various constitutional arguments in the trial court, we find that he has forfeited his right to raise them for the first time on appeal. Countryman next contends that the trial court's retroactive application of Senate Bill 10 was plain error. Because we disagree with the premise of all of Countryman's arguments (i.e., that Senate Bill 10 is punitive), we do not find any error, let alone plain error. Countryman next contends that he was denied the effective assistance of trial counsel because his counsel failed to object to the court's retroactive application of Senate Bill 10. Because Countryman failed to meet the Strickland two-pronged test, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 4} A Washington County Grand Jury originally indicted Countryman for two separate counts of rape. However, pursuant to a plea agreement, the State dismissed one of the rape offenses in exchange for a guilty plea to the other rape offense. The trial court found Countryman guilty of the rape that occurred on or about December 23, 2006.
 {¶ 5} On March 6, 2008, the trial court sentenced Countryman to six years in prison and classified him a Tier III offender under the newly enacted Senate Bill 10.
 {¶ 6} Countryman appeals his Tier III classification under Senate Bill 10 and asserts the following three assignments of error: I. "The retroactive application of Senate Bill 10 violates the Ex Post Facto, Due Process, and Double Jeopardy *Page 3 
Clauses of the United States Constitution and the Retroactivity Clause of Section 28, Article II of the Ohio Constitution." II. "The trial court committed plain error when it retroactively applied Senate Bill 10 to Joshua Countryman, whose crimes of conviction predated the enactment of Senate Bill 10." And, III. "Joshua Countryman was denied the effective assistance of trial counsel when his counsel failed to raise an objection to the imposition of Senate Bill 10."
 II. {¶ 7} Countryman contends in his first assignment of error that the trial court's retroactive application of Senate Bill 10 is unconstitutional for various reasons.
 {¶ 8} App. R. 12(A)(2) states, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]" Countryman does not cite to the record to show where the trial court overruled the issues he now presents for review. Also, we have reviewed the record Countryman provided and find that Countryman failed to raise these issues in the trial court. As such, because Countryman failed to raise his constitutional arguments in the trial court, we first address whether Countryman may raise them for the first time on appeal.
 {¶ 9} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. *Page 4 Awan (1986), 22 Ohio St.3d 120, syllabus. "The waiver doctrine announced in Awan is discretionary." In re M.D. (1988), 38 Ohio St.3d 149, 151.
 {¶ 10} Here, we decline to exercise our discretion to review Countryman's assignment of error and find that he has forfeited his right to raise the constitutional issues asserted in his first assignment of error. In addition, we note that other courts have addressed these identical issues and did not find any state or federal constitutional violations. See, e.g., State v. Byers, Columbiana App. No. 07CO39, 2008-Ohio-5051.
 III. {¶ 11} Countryman contends in his second assignment of error that "[t]he trial court committed plain error when it retroactively applied Senate Bill 10[.]" He asserts that the rape offense predated the enactment of Senate Bill 10. He maintains that the court's retroactive application violated the Ex Post Facto and Due Process Clauses of the United States Constitution.
 {¶ 12} Pursuant to Crim. R. 52(B), we may notice plain errors or defects affecting substantial rights, although they were not brought to the attention of the court. The Supreme Court of Ohio has found that "[b]y its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." State v. Barnes, 94 Ohio St.3d 21, 27,2002-Ohio-68. See State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. First, an error must exist. Id., citing State v. Hill (2001),92 Ohio St.3d 191, 200, citing United States v. Olano (1993), 507 U.S. 725, 732
(interpreting Crim. R. 52[B]'s identical federal counterpart, Fed.R.Crim.P. 52[b]. Second, the error must be *Page 5 
plain, obvious, or clear. Id. (Citations omitted). Third, the error must affect "substantial rights," which the court has interpreted to mean that "the trial court's error must have affected the outcome * * *." Id. citing Hill at 205; State v. Moreland (1990), 50 Ohio St.3d 58, 62;State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
 {¶ 13} "The burden of demonstrating plain error is on the party asserting it. (Cite omitted.) A reversal is warranted if the party can prove that the outcome `would have been different absent the error.'"Payne at ¶ 17 (Citation omitted.) A reviewing court should use its discretion under Crim. R. 52(B) to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 14} Here, Countryman acknowledges that the Supreme Court of Ohio inState v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, found the former version of Chapter 2950 of the Revised Code constitutional. Senate Bill 10 amended the former statute so that classification is no longer based on an individualized analysis. Instead, classification is now based on the type of crime committed. In addition, Senate Bill 10 increased the reporting requirements.[1] *Page 6 
 {¶ 15} The crux of all of Countryman's constitutional arguments is that Senate Bill 10 ties sex-offender classification, registration, and notification requirements directly and solely to the crime of conviction. As such, Countryman claims that Senate Bill 10 has created a sex-offender registration scheme that is no longer remedial and civil in nature. He maintains that sex-offender registration, as it functions under Senate Bill 10, is purely punitive, and is, in fact, part of the original sentence. In short, Countryman asserts that Senate Bill 10 is punitive because, instead of the court looking at defendants individually to determine how dangerous they are before it classifies them, classification is now tied solely to the type of crime committed.
 {¶ 16} We do not find Countryman's argument persuasive. The Supreme Court of the United States has already stated, "[t]he State's determination to legislate with respect to convicted sex offenders as a class, rather than require individual determination of their dangerousness, does not make the statute a punishment[.]" Smith v.Doe (2003), 538 U.S. 84, 104.
 {¶ 17} Therefore, because the premise of Countryman's constitutional arguments is based on the statute being punitive or criminal, instead of civil, his ex post facto and due process arguments fail. Consequently, we do not find any error, let alone plain error.
 {¶ 18} Accordingly, we overrule Countryman's second assignment of error.
 IV. *Page 7 {¶ 19} Countryman contends in his third assignment of error that he "was denied the effective assistance of trial counsel" because his counsel failed to object to the court's application of Senate Bill 10.
 {¶ 20} "In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness." State v. Wright, Washington App. No. 00CA39, 2001-Ohio-2473, citing State v. Hamblin (1988), 37 Ohio St.3d 153, cert. den. (1988), 488 U.S. 975; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. To secure reversal for the ineffective assistance of counsel, one must show two things: (1) "that counsel's performance was deficient * * *" which "requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment[;]" and (2) "that the deficient performance prejudiced the defense* * *[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Absent both showings, "it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Id.
 {¶ 21} This court "when addressing an ineffective assistance of counsel claim, should not consider what, in hindsight, may have been a more appropriate course of action." Wright, citing State v.Phillips (1995), 74 Ohio St.3d 72. Instead, this court "must be highly deferential." Id., citing Strickland at 689. Further, "a reviewing court: `must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, *Page 8 
the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id., citing Strickland at 689.
 {¶ 22} Here, Countryman bases his ineffective assistance of counsel claim on the arguments he made in his first and second assignments of error. However, we did not find error. Therefore, under the first prong of the Strickland test, we find that Countryman's trial counsel's performance was not deficient.
 {¶ 23} Accordingly, we overrule Countryman's third assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.
[1] Senate Bill 5 also amended Chapter 2950 of the Revised Code. Recently, in State v. Ferguson, Ohio St.3d, 2008-Ohio-4824, the Supreme Court of Ohio found Senate Bill 5 constitutional. The defendant inFerguson contended that Senate Bill 5 was unconstitutional because it violated the Ex Post Facto Clause of the United States Constitution, and Section 10, Article 1, and Section 28, Article II of the Ohio Constitution, which states that the General Assembly has no power to enact laws that apply retroactively. The defendant focused on three changes to Chapter 2950: (1) the designation "predator" and duty to register remain throughout defendants' lives (with no review); (2) defendants must personally register in the counties where they reside, attend school, and work; and, (3) certain information about sexual offenders are public records maintained by the attorney general in an internet database. *Page 1