[Cite as *State v. Rowe*, 197 Ohio App.3d 10, 2011-Ohio-6614.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | |
| Appellee, | : | Case No. 10CA816 |
| | : | |
| v. | : | **Released: November 29, 2011** |
| | : | |
| ROWE, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Appellant. | : | |

_____
APPEARANCES:

Robert Junk, Pike County Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, for appellant.

_____

MCFARLAND, Judge.

{¶ 1} Appellant, Bennie Rowe, appeals the sentence imposed by the Pike County Court of Common Pleas after a jury found him guilty of one count of aggravated vehicular homicide, a second-degree felony in violation of R.C. 2903.06(A)(1)(a). On appeal, appellant contends that he was deprived of his right to due process when his trial attorney provided ineffective assistance of counsel. Specifically, appellant contends that he received ineffective assistance of counsel at his sentencing when his counsel

failed to move the trial court to waive the payment of court costs based upon his indigency and that that deficiency prejudiced him.

{¶ 2} In light of our determination that trial counsel's performance was both deficient and prejudicial with respect to the failure to move the trial court to waive the payment of court costs, we sustain appellant's sole assignment of error. Accordingly, we remand this matter to the trial court for resentencing as to court costs, at which time counsel may then make a proper motion for waiver of those costs based upon appellant's indigency.

FACTS

{¶ 3} An indictment was filed on March 23, 2009, charging appellant with one count of aggravated vehicular homicide, a second-degree felony in violation of R.C. 2903.06(A)(1)(a). After determining appellant to be indigent, the trial court appointed counsel to represent appellant on June 25, 2009. On November 10, 2010, a jury convicted appellant of the charged offense, and a sentencing hearing was held on November 23, 2010. The trial court sentenced appellant to a five-year prison term, a lifetime driver's license suspension, a mandatory three-year period of postrelease control, and court costs. The trial court did not impose a fine upon appellant based upon "the Court's assessment of [Appellant's] ability to pay a fine." It is from the trial court's December 8, 2010, judgment entry of sentence that appellant

now brings his timely appeal, setting forth a single assignment of error for our review.

Assignment of Error

"I.    Bennie Rowe was deprived of his right to due process when his trial attorney provided ineffective assistance of counsel."

LEGAL ANALYSIS

{¶ 4} In his first assignment of error, appellant contends that he was deprived of his right to due process when his trial attorney provided ineffective assistance of counsel.  Specifically, appellant questions whether trial counsel is ineffective when he or she fails to move the trial court to waive the imposition of court costs and the mandatory minimum fine on behalf of an indigent defendant.

{¶ 5} To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense so as to deprive him of a fair trial. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶ 205, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. To establish deficient performance, an appellant must show that trial counsel's performance fell below an objective level of reasonable representation. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, at ¶ 95. To establish prejudice, an appellant must

show that a reasonable probability exists that but for the alleged errors, the result of the proceeding would have been different. Id. The appellant has the burden of proof on the issue of counsel's ineffectiveness because a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 62.

{¶ 6} R.C. 2947.23(A)(1) states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Court costs may, however, be waived at the discretion of the court if the court first determines that the defendant is indigent. See R.C. 2949.092; *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, fn. 1.  The court may grant a waiver of court costs only if the defendant makes a motion at the time of sentencing. *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, at ¶ 5, citing *State v. Threatt*, 108 Ohio St.3d 277, 843 N.E.2d 164, 2006-Ohio-905, paragraph two of the syllabus. If the defendant fails to make a motion to waive court costs at the time of sentencing, "the issue is waived and [the matter of] costs [is] res judicata." Id.

{¶ 7} In *State v. Blade*, Cuyahoga App. Nos. 88703, 88704, and 88705, 2007-Ohio-5323, the trial court held that trial counsel "had an

essential duty to seek a waiver of court costs at the time of sentencing." Id. at ¶ 12, citing *In re Carter*, Jackson App. Nos. 04CA15 and 04CA16, 2004-Ohio-7285, 2004 WL 3090250 (finding ineffective assistance of counsel and remanding for resentencing as to court costs where trial counsel failed to move the court for waiver of court costs for indigent defendant). In *Blade*, the record indicated that the court "had previously waived the imposition of court costs against Blade" and that there was "nothing in the record of the resentencing to show a change in Blade's circumstances from the earlier waiver of costs." *Blade* at ¶ 12. Thus, based upon those facts, *Blade* held that the prior waiver of court costs showed a reasonable probability that it would have again waived costs had counsel made a timely motion. Id. at ¶ 13. Thus, the trial court sustained Blade's argument and vacated the trial court's assessment of court costs. Id. In *In re Carter* at ¶ 44, this court determined that trial counsel's failure to move the trial court for waiver of court costs was both deficient and prejudicial, and therefore, the appellant's assignment of error was sustained.

{¶ 8} More recently, in *State v. Smith*, Warren App. No. CA2010–06–057, 2011-Ohio-1188, 2011 WL 882182, however, the Twelfth District Court of Appeals rejected an identical argument. In reaching its conclusion, the court reasoned, based upon the facts before it, that Smith had "failed to

show that there is a reasonable probability that the trial court would have waived those costs even if his counsel had asked the court to do so, since the trial court found that while Smith was currently unable to pay the court costs and the cost of his court-appointed counsel, he was young and healthy enough to work and thus would be able to pay those costs in the future." Id. at ¶ 64, citing *State v. Hayden*, Cuyahoga App. No. 90474, 2008-Ohio-6279, 2008 WL 5084716, ¶ 18-19. Thus, the facts in *Smith* differed from the facts in *Blade* with regard to the appellant's ability to pay and the probability that the trial court would have waived court costs if a motion to do so had been made.

{¶ 9} We conclude that the facts sub judice are more similar to facts in *Blade* than to those in *Smith*. First, appellant was determined to be indigent and was appointed counsel for trial, and there is nothing in the record to indicate that appellant's circumstances had changed at the time of sentencing. Further, as argued by appellant, the trial court did not impose a fine at sentencing, based upon its "assessment of [appellant's] ability to pay a fine." Additionally, at the sentencing hearing, appellant's trial counsel represented to the trial court that appellant was without funds to pursue an appeal. In light of the foregoing, there was a good probability that if moved to do so, the trial court would have waived the payment of the court costs.

Further, based upon these facts, we find trial counsel's performance both deficient and prejudicial. Consequently, we sustain appellant's sole assignment of error and remand this matter to the trial court for resentencing as to court costs. *In re Carter,* 2004-Ohio-7285, 2004 WL 3090250, at ¶ 44.

Judgment reversed<br>and cause remanded.

HARSHA, P.J., and ABELE, J., concur.

_____