[Cite as *State v. Stone*, 2013-Ohio-209.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA3462 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| FRED L. STONE, | : | |
| | : | **RELEASED 01/18/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Robert A. Cassity, Law Offices of Robert A. Cassity, Portsmouth, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Matthew A. Wisecup, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____

Harsha, J.

{¶1}   Fred Stone appeals his conviction for gross sexual imposition.  He contends that the trial court erred by allowing inadmissible hearsay in two instances.  First, he points out that the victim testified about what she told the police and second, an officer testified about what the victim told him on the day in question.  We agree the testimony Stone complains of was inadmissible hearsay, but it was merely cumulative in light of the other admissible testimony at trial.  And considering the substantial other evidence that supports the guilty verdict, any error by the trial court was harmless.

{¶2}   Stone also argues that the trial court erred by admitting testimony about his post-arrest behavior.  Specifically, he argues that this other acts evidence was admitted to show his character, was irrelevant and unfairly prejudicial.  Although we agree the court should have excluded this other acts evidence, because substantial other evidence supports the jury's verdict, the resulting error was harmless.

{¶3}    Finally, Stone claims that the trial erred by not waiving his court costs and fines.  He bases this argument on the fact the court previously found him indigent and appointed counsel.  However, Stone did not seek a waiver of court costs at sentencing and thus we need not consider the issue here.  However, the court was required to consider his present and future ability to pay before imposing a financial sanction, such as a fine.  Because there is no information in the record regarding Stone's financial situation and the court did not explicitly consider his ability to pay, we reverse this portion of his sentence.

## I. FACTS

{¶4}    As the result of an encounter between Fred Stone and the victim in a funeral home parking lot, the state charged Stone with one count of gross sexual imposition.  He pleaded not guilty and his case proceeded to trial.

{¶5}    At trial the state contended that after the victim entered her car in the parking lot, Stone groped her through an open window.  Stone admitted that he gave the victim a hug, but claimed that he did not grope her.  The jury convicted Stone of gross sexual imposition and the court sentenced him to 18 months imprisonment.  The court also ordered Stone to pay the costs of prosecution and imposed a fine of $1000.  This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶6}    Stone presents three assignments of error for our review:

{¶7}    1. "THE TRIAL COURT ERRED IN ALLOWING THE STATE TO INTRODUCE IMPERMISSIBLE OTHER ACTS EVIDENCE."

{¶8}    2. "THE TRIAL COURT ALLOWING HEARSAY TESTIMONY[sic]."

{¶9}    3. "THE TRIAL COURT ERRED IN NOT WAIVING THE APPELLANT'S FINES AND COURT COSTS."

## III.  HEARSAY

{¶10}  For ease of analysis we address Stone's assignments of error out of order.  In his second assignment of error, Stone argues that the trial court erred by twice allowing inadmissible hearsay over his objection.  First, he contends that the victim's testimony about what she told the police on the night in question was inadmissible hearsay.  He also claims that Officer Lewis' testimony about his conversation with the victim was hearsay and should have been excluded.

## A. Standard of Review

{¶11}  "A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to defendant." *State v. Green*, 184 Ohio App.3d 406, 2009-Ohio-5199, 921 N.E.2d 276, ¶ 14 (4th Dist.).  The term abuse of discretion means more than an error of law or of judgment; it implies that the court's attitude is "unreasonable, arbitrary, or unconscionable." *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, ¶ 32, quoting In re Consol. Mtge. Satisfaction Cases, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 5.  "A review under the abuse-of-discretion standard is a deferential review.  It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing

arguments." *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14.

{¶12} Moreover, we apply nonconstitutional harmless-error analysis to evidentiary errors. *See State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 88; *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 74.  A nonconstitutional error is harmless when there is substantial other evidence to support the guilty verdict. *State v. Webb*, 70 Ohio St.3d 325, 335, 638 N.E.2d 1023 (1994).

B. Law and Analysis

{¶13}  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C).  Under Evid.R. 802, hearsay is generally inadmissible unless it falls within a recognized exception.

{¶14}  In this case, the only testimony by the victim that Stone contends was inadmissible hearsay was her statement: "I told [Officer Lewis] that the man - - - there was a man that assaulted me in my car in the funeral home parking lot."  Even if we deem this statement to be inadmissible hearsay, any resulting error was harmless.  She testified without objection that shortly after the incident with Stone, she told her mother "that there was a man that had assaulted [her] in the parking lot."  The victim also testified in court that Stone "sexually assaulted" her in the parking lot on the day in question and then described the details of the assault, including that Stone "grabbed [her] breast" and "kiss[ed] her neck."  Thus, the statement Stone complains of was cumulative and in light of the victim's in court testimony, was harmless error. *See State*

*v. Williams,* 38 Ohio St.3d 346, 350, 528 N.E.2d 910 (1988) (admission of hearsay that was cumulative testimony constitutes harmless error).

{¶15} Stone also claims that Officer Lewis' testimony about his conversation with the victim was inadmissible hearsay. Lewis testified that the victim told him "that she had been assaulted while she was sitting in her car by the Defendant. Said that he had grabbed her breast and wrapped his arms around, and it shook her up pretty badly, and that she had driven around the back of the funeral home."

{¶16} This testimony is somewhat more troublesome than the victim's previous statement because it identifies the defendant. It is clearly inadmissible hearsay because the witness repeats the out of court statement of the actual declarant and it was offered for its truth. However, it is also cumulative in light of the other testimony at trial. The victim testified that Stone "sexually assaulted" her while she was sitting in her car in the funeral home parking lot and she "drove around back" after this happened. She also testified that he grabbed her breast and kissed her neck.

{¶17} In addition, other testimony admitted without objection supports Stone's conviction. David Swick, the owner of the funeral home, also testified he heard a "commotion" and found the victim in the funeral home lobby with her mother "crying and shaking hysterically." Moreover, he testified that Stone stated he was just trying to "get a hug or get a kiss" from the victim. The victim's mother also testified that the victim returned to their apartment crying and screaming. Her mother stated that her shirt was open and her neck was red. She also testified without objection that the victim told her that Stone grabbed her breast.

**{¶18}** Because the state presented substantial evidence of Stone's guilt through other admissible testimony, the admission of the hearsay evidence was harmless. We overrule Stone's second assignment of error.

## IV. OTHER ACTS EVIDENCE

**{¶19}** Stone also argues that the trial court erred by allowing Officer Lewis to testify about his post-arrest behavior. He contends that this testimony was impermissible other acts evidence used to inflame the jury and to suggest that because he was uncooperative, he was likely to commit the offense.

### A. Standard of Review

**{¶20}** "[T]rial court decisions regarding the admissibility of other-acts evidence under Evid.R. 404(B) are evidentiary determinations that rest within the sound discretion of the trial court." *Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, at ¶ 22. Thus, we review the trial court's decision regarding the admission of such evidence under an abuse of discretion standard. *Id.*

### B. Law and Analysis

**{¶21}** Evid.R. 404(B) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." R.C. 2945.59 also provides:

> In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or

subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

**{¶22}** "Evid.R. 404 codifies the common law with respect to evidence of other acts of wrongdoing. The rule contemplates acts that may or may not be similar to the crime at issue. If the other act is offered for some relevant purpose other than to show character and propensity to commit crime, such as one of the purposes in the listing, the other act may be admissible. Another consideration permitting the admission of certain other-acts evidence is whether the other acts 'form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment' and are 'inextricably related' to the crime." (Citations omitted.) *Morris* at ¶ 13, quoting *State v. Curry,* 43 Ohio St.2d 66, 73, 330 N.E.2d 720 (1975). Likewise, to be admissible "the trial court must determine that: (1) the other act is relevant to the crime in question, and (2) evidence of the other act is relevant to an issue placed in question at trial." *State v. Osman*, 4th Dist. No. 09CA36, 2011-Ohio-4626, ¶ 95.

**{¶23}** In this case, the trial court permitted Officer Lewis to testify about Stone's post-arrest behavior over Stone's objection. Lewis testified that "[d]uring the booking Mr. Stone became verbally aggressive and belligerent using pretty forceful language." He also stated that "when it come time to take his handcuffs off and actually put him in the holding cell he became even more aggressive and abusive verbally with me and Captain Goins. We talked to him for about five minutes in an effort to not have any excessive force or any force like that to put him in the cell."

**{¶24}** Furthermore, Officer Lewis testified about Stone's behavior once the victim arrived at the police station. He testified that when she walked by his cell, Stone "began kicking the cell door very hard. He was screaming very loudly." Also while the

victim was giving her statement, Stone stated "I can hear you," and also made comments "that he knew she was out there, and * * * other very derogatory comments."

**{¶25}** The state contends that Officer Lewis' testimony was evidence of threats or intimidation of a witness and therefore admissible to show consciousness of guilt. We agree that Stone's reaction to seeing and hearing the victim are arguably relevant to his state of mind, i.e. consciousness of guilt. However, we question whether Officer Lewis' testimony about Stone's other conduct was relevant to any exception under Evid.R. 404(B) or R.C. 2945.59. Stone's combative behavior with the police after his arrest does not form part of the immediate background and is not inextricably related to the charged crime of gross sexual imposition. Rather, the testimony concerned his behavior during the arrest process and after the offense had already been committed. Furthermore, his statements did not implicate him in the crime or show consciousness of guilt, as he was not charged with any crimes relating to this interaction with Officer Lewis. Nonetheless, even if the admission of the other acts evidence violates Evid.R. 404(B), we apply nonconstitutional harmless-error analysis to evidentiary errors. *See McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, at ¶ 88; *Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, at ¶ 74. And as we have already noted, because there is substantial other evidence supporting the jury's guilty verdict, any error in allowing Officer Lewis' testimony concerning Stone's post-arrest behavior was harmless.

## V. FINES AND COURT COSTS

**{¶26}** Finally, Stone claims that the trial court erred by not waiving his fines and court costs because it had previously found him indigent. He also argues that the trial

court erred by ordering him to pay a $1000 fine without considering his present and future ability to pay.

{¶27} "Before imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall consider the offender's present and future ability to pay the amount of the sanction * * *." R.C. 2929.19(B)(5). Financial sanctions include, for example, restitution, fines, and reimbursement of the costs of community control sanctions, confinement, or monitoring devices. R.C. 2929.18. *See also State v. Jennings*, 2nd Dist. No. 24559, 2012-Ohio-1229, ¶ 6. However, court costs are governed by R.C.2947.23 and are not considered financial sanctions. R.C. 2929.18(A). *See also Jennings* at ¶ 6. Consequently, a trial court does not need to consider a defendant's ability to pay under R.C. 2929.19 prior to imposing court costs. *Jennings* at ¶ 6.

{¶28} R.C. 2947.23(A)(1) requires "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." Despite the fact that R.C. 2947.23(A) requires a judge to assess court costs against all criminal defendants, the Supreme Court of Ohio has held that "'waiver of costs is permitted – but not required – if the defendant is indigent.'" *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11, quoting *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. "That is, despite the mandatory language of former R.C. 2947.23 requiring the imposition of court costs, a trial court may waive the *payment* of costs." (Emphasis sic.) *Joseph* at ¶ 11.

**{¶29}** "[A] motion by an indigent criminal defendant to waive payment of costs must be made at the time of sentencing." *Id.* at ¶ 12. "'If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata.'" *Id.* quoting *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. *See also State v. Rowe*, 197 Ohio App.3d 10, 2011-Ohio-6614, 965 N.E.2d 1047 (4th Dist.), ¶ 6. In this case, the record reveals that Stone failed to make a motion to waive payment of his court costs at the time of sentencing; therefore, that issue is barred by the doctrine of waiver.

**{¶30}** As for his fine, Stone was convicted of gross sexual imposition, a felony of the fourth degree. Under R.C. 2929.18(A)(3)(d), a trial court may impose a financial sanction for a fourth-degree felony up to $5000. A trial court does not need to make a specific finding, but there must be some evidence in the record that it considered the defendant's ability to pay. *State v. Williams*, 4th Dist. No. 08CA3, 2009-Ohio-657, ¶ 20. We look at the "totality of the record" to see if the trial court has satisfied this requirement. *Id.* If the record shows that the court considered a pre-sentence investigation report that provides pertinent information about the offender's financial situation and his ability to pay the financial sanction, it has met its obligation under R.C. 2929.19(B)(5). *Id.* After reviewing the record in this case, we cannot find any reference to a pre-sentence investigation report or any other information regarding Stone's financial situation or ability to pay the imposed fine. And considering that the court did not make a statement that it considered Stone's ability to pay the financial sanction at sentencing or in its judgment entry as required by R.C. 2929.19(B)(5), it erred by

ordering Stone to pay the fine without first considering his ability to pay.  Thus, we sustain his third assignment of error in part.

{¶31}  In conclusion, we overrule Stone's first and second assignments of error. We sustain his third assignment of error in limited part and reverse the portion of the trial court's sentence imposing a fine.  We remand the cause to the trial court for the limited purpose of considering Stone's present and future ability to pay any financial sanction.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
        William H. Harsha, Judge


## NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**