[Cite as *State v. Hurt*, 2013-Ohio-615.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

State of Ohio,                                    :
                                                  :
    Plaintiff-Appellee,                          :
                                                  :     Case Nos. 11CA12 & 11CA13
    v.                                           :
                                                  :     <u>DECISION AND</u>
Sharon G. Hurt,                                   :     <u>JUDGMENT ENTRY</u>
                                                  :
    Defendant-Appellant.                         :     **RELEASED 02/08/13**
_____

<u>APPEARANCES:</u>

Timothy P. Gleeson, Gleeson Law Office, Logan, Ohio, for Appellant.

Jeff Adkins, Gallia County Prosecuting Attorney, Gallipolis, Ohio, for Appellee.
_____

Kline, J.:

{¶1}    Sharon G. Hurt appeals the judgment of the Gallia County Court of Common Pleas, which convicted her of three drug-related charges. Hurt contends that one of her drug trafficking convictions was not supported by sufficient evidence. Because any rational trier of fact could have found the essential elements of drug trafficking proven beyond a reasonable doubt, we disagree. Next, Hurt contends that her trial counsel was ineffective for failing to move for a waiver of the imposition of court costs. Because Hurt cannot show that her trial counsel's performance was either deficient or prejudicial, we disagree. Accordingly, we affirm the judgment of the trial court.

I.

{¶2}   Hurt's convictions resulted from two different incidents.  On September 18, 2010, law enforcement stopped Hurt in the parking lot of a fast-food restaurant based on a tip that she was selling drugs.  Law enforcement found that Hurt had 5.7 grams of crack cocaine in her possession.  On August 14, 2011, Hurt sold 0.3 grams of crack cocaine to a confidential informant in a gas station parking lot.  Hurt then admitted to law enforcement that she had more drugs in a nearby hotel room.  Law enforcement searched the hotel room and found 31 baggies of crack cocaine that were stored within a larger baggie.  The 31 baggies contained a total of 12.4 grams of crack.  Deputy Fred Workman of the Gallia County Sheriff's Department participated in the arrest.  At trial, Deputy Workman stated that Hurt told him she shipped the crack to Gallipolis from Columbus.

{¶3}   Two indictments were issued against Hurt.  One indictment charged Hurt with two drug-related counts from the September 18, 2010 incident (i.e., one count of possession and one count of trafficking for the 5.7 grams of crack).  The other indictment charged Hurt with four drug-related counts from the August 14, 2011 incident (i.e., one count of possession and one count of trafficking for the 0.3 grams of crack sold to the confidential informant and one count of possession and one count of trafficking for the 12.4 grams of crack recovered in the hotel room).

{¶4}   Eventually, both cases were tried together, and a jury found Hurt guilty of all the charges against her.  The trial court merged the counts that were allied offenses of similar import and sentenced Hurt accordingly.  The court also ordered Hurt to pay court costs.  (Prior to the imposition of court costs, Hurt's retained counsel did not move the trial court for a waiver of court costs.)

**{¶5}**   Hurt appeals and asserts the following assignments of error:[1] I. "THERE

WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR COUNT

THREE, TRAFFICKING IN DRUGS, IN VIOLATION OF R.C. 2925.03(A)(2)."  And II.

"SHARON G. HURT WAS DENIED HER RIGHT TO DUE PROCESS WHEN HER

TRIAL ATTORNEY PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN

HE FAILED TO MOVE THE TRIAL COURT TO WAIVE THE IMPOSITION OF COURT

COSTS."

II.

**{¶6}**   In her first assignment of error, Hurt argues that there was insufficient

evidence to convict her of Count 3 from the August 14, 2011 incident – trafficking in

drugs in violation of R.C. 2925.03(A)(2).

**{¶7}**   When reviewing a case to determine if the record contains sufficient

evidence to support a criminal conviction, we must

> "examine the evidence admitted at trial to determine
>
> whether such evidence, if believed, would convince
>
> the average mind of the defendant's guilt beyond a
>
> reasonable doubt.  The relevant inquiry is whether,
>
> after viewing the evidence in a light most favorable to
>
> the prosecution, any rational trier of fact could have
>
> found the essential elements of the crime proven

---

[1] Appeal number 11CA12 corresponds to the charges from the September 18, 2010 incident.  Appeal number 11CA13 corresponds to the charges from the August 14, 2011 incident.  We hereby consolidate Hurt's appeals.  Additionally, Hurt asserts only one assignment of error in appeal number 11CA12.  That assignment of error is identical to the second assignment of error in appeal number 11CA13.  Therefore, we will only list the assignment of error once.

beyond a reasonable doubt." *State v. Smith*, 4th Dist.

No. 06CA7, 2007-Ohio-502, ¶ 33, quoting *State v.*

*Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991),

paragraph two of the syllabus.

*See also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶8}** The sufficiency-of-the-evidence test "raises a question of law and does not allow us to weigh the evidence." *Smith*, 2007-Ohio-502, at ¶ 34, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Instead, the sufficiency-of-the-evidence test "'gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Smith*, 2007-Ohio-502, at ¶ 34, quoting *Jackson* at 319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." *Smith*, 2007-Ohio-502, at ¶ 34, citing *State v. Thomas*, 70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356 (1982); *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

**{¶9}** For Count 3 of the August 14, 2011 incident, the jury found Hurt guilty of trafficking in drugs in violation of R.C. 2925.03(A)(2). Count 3 relates to the 12.4 grams of crack recovered in the hotel room. R.C. 2925.03(A)(2) provides: "No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."

{¶10} As stated above, law enforcement arrested Hurt on August 14, 2011, after she sold crack to a confidential informant. Hurt then consented to the search of her nearby hotel room. In the room, law enforcement discovered 12.4 grams of crack, which was divided into 31 small baggies. The 31 baggies were stored within one larger baggie.

{¶11} Hurt claims that she told law enforcement (1) that she received the crack the way it was already packaged and (2) that she received the crack "here." As a result, Hurt argues that there is no evidence that she prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed the 12.4 grams of crack found in the hotel room. Therefore, Hurt claims that the state failed to prove an essential element of trafficking under R.C. 2925.03(A)(2). We disagree.

{¶12} As stated, Deputy Workman participated in Hurt's August 14, 2011 arrest. On cross-examination, Deputy Workman testified that Hurt told him she shipped the crack from Columbus. Specifically, Deputy Workman testified as follows:

> Q. Okay. In the complaint it talks about shipment, did she ship drugs anywhere?
>
> A. Through her own admission, yes.
>
> Q. Where did she ship it too [sic]?
>
> A. Here to Gallipolis, Ohio.
>
> Q. From where?
>
> A. From wherever she got it.
>
> Q. Okay. You don't know where she got it?

A. She told me she purchased it in Columbus if you recall. Tr. at 376.

**{¶13}** Clearly, Deputy Workman testified that Hurt admitted to him that she shipped the crack to Gallipolis from Columbus. Thus, considering the evidence in a light most favorably to the state, there was sufficient evidence to convict Hurt of trafficking in drugs in violation of R.C. 2925.03(A)(2).

**{¶14}** Hurt essentially argues that Deputy Workman's testimony is not credible. "But, in deciding whether a conviction is based on sufficient evidence, we do not weigh the evidence or assess its credibility." *State v. Smith*, 10th Dist. No. 11AP-1120, 2012-Ohio-4506, ¶ 10. Therefore, Hurt cannot prevail on her sufficiency-of-the-evidence argument.

**{¶15}** Accordingly, we overrule Hurt's first assignment of error.

III.

**{¶16}** In her second assignment of error, Hurt claims that her trial counsel was ineffective because he failed to move the trial court to waive the imposition of court costs against Hurt.

**{¶17}** A criminal defendant has a constitutional right to counsel, which includes the right to the effective assistance from counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). "In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness." *State v. Norman*, 4th Dist. Nos. 08CA3059 & 08CA3066, 2009-Ohio-5458, ¶ 65, quoting *State v. Countryman*, 4th Dist. No. 08CA12, 2008-Ohio-6700, ¶ 20; *accord State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988). To

secure reversal for the ineffective assistance of counsel, one must show two things: (1) "that counsel's performance was deficient * * *[,]" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) "that the deficient performance prejudiced the defense * * *[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Norman* at ¶ 65. "Failure to satisfy either prong is fatal as the accused's burden requires proof of both elements." *State v. Hall*, 4th Dist. No. 07CA837, 2007-Ohio-6091, ¶ 11. "Deficient performance means performance falling below an objective standard of reasonable representation." *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 44. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus; *accord Strickland* at 694.

{¶18} R.C. 2947.23(A)(1) provides: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under [R.C.] 2947.231[,] and render a judgment against the defendant for such costs." However, "[c]ourt costs may * * * be waived in the discretion of the court if the court first determines that the defendant is indigent." *State v. Rowe*, 197 Ohio App.3d 10, 2011-Ohio-6614, 965 N.E.2d 1047, ¶ 6 (4th Dist.), citing R.C. 2949.092; *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393,

fn. 1. "The court may grant a waiver of court costs only if the defendant makes a motion at the time of sentencing. * * * If the defendant fails to make a motion to waive court costs at the time of sentencing, 'the issue is waived and [the matter of] costs [is] res judicata.'" (Alterations sic.) *Rowe* at ¶ 6, quoting *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 5. Additionally, where the record shows that a defendant is indigent, there is "no justification for counsel's failure to request a waiver of costs during [sentencing] * * *." *State v. Blade*, 8th Dist. Nos. 88703, 88704 & 88705, 2007-Ohio-5323, ¶ 12; *see also In re Carter*, 4th Dist. Nos. 04CA15 & 04CA16, 2004-Ohio-7285, ¶ 42-43.

{¶19} In *Rowe*, we held that trial counsel's failure to move for a waiver of court costs constituted ineffective assistance of counsel. We stated the following:

> First, appellant was determined to be indigent and was appointed counsel for trial, and there is nothing in the record to indicate that appellant's circumstances had changed at the time of sentencing. Further, as argued by appellant, the trial court did not impose a fine at sentencing, based upon its "assessment of [appellant's] ability to pay a fine." Additionally, at the sentencing hearing, appellant's trial counsel represented to the trial court that appellant was without funds to pursue an appeal. In light of the foregoing, there was a good probability that if moved to do so, the trial court would have waived the

payment of the court costs. Further, based upon these facts, we find trial counsel's performance both deficient and prejudicial. (Alterations sic.) *Rowe* at ¶ 9.

*See also Blade* at ¶ 12-13.

**{¶20}** Hurt's case, however, is not like *Rowe*. Hurt employed counsel to represent her at trial. She did not receive court appointed appellate counsel until after sentencing. Moreover, prior to the imposition of court costs, there was little evidence in the record demonstrating Hurt's financial circumstances. The only evidence on this issue was her father's statements during sentencing. Her father recounted that Hurt had worked several low-wage jobs over the years. He also indicated that, on one occasion, Hurt had been unsuccessful in her efforts to obtain welfare. (Hurt's father's statements were vague on these issues.) We recognize that Hurt filed an affidavit of indigency to secure court appointed appellate counsel. That affidavit, however, was not filed until after the imposition of court costs. Thus, while there is some evidence that Hurt had financial difficulties, we cannot say that there was a good probability that, if moved to do so, the trial court would have waived the payment of court costs. As a result, Hurt cannot show that her trial counsel's failure to move for a waiver of court costs was either deficient or prejudicial. Consequently, Hurt cannot prevail on her ineffective assistance claim.

**{¶21}** Accordingly, we overrule Hurt's second assignment of error. Having overruled both of Hurt's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
        Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**