JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Larry Shields, appeals from the judgment of the trial court sentencing him to more than the minimum sentence.
 {¶ 2} The record reflects that Shields was arrested on November 19, 2004 after he attacked a woman at a bus stop in Cleveland. At the time of the attack, Shields was in an alcohol-induced blackout and, to this day, does not remember the incident.
 {¶ 3} The Cuyahoga Grand Jury subsequently returned a seven-count indictment charging Shields with attempted rape, gross sexual imposition, kidnapping and attempted murder. Pursuant to a plea agreement, Shields subsequently pled guilty to count one, attempted rape, in violation of R.C. 2923.02 and2907.02, a felony of the second degree, and amended count three, abduction, in violation of R.C. 2905.02(A)(2), a third degree felony. The State nolled the remaining counts.
 {¶ 4} The minimum sentence for a second degree felony is two years in prison; the minimum sentence for a third degree felony is one year incarceration. The record reflects that Shields had not served a prior prison term.
 {¶ 5} At sentencing, the court heard statements from the victim, as well as several of Shields' cousins, his mother, his sister, and his best friend. The victim explained that as a result of the attack, she was "scared of everything now" and had become a prisoner in her home. Shields' relatives described his actions as "completely out of character" for him.
 {¶ 6} After finding that "the minimum sentence would demean the seriousness of this offense and would not adequately protect the public," the trial judge sentenced Shields to four years incarceration on count one and three years incarceration on count three, to be served concurrently. The judge also found Shields to be a sexually oriented offender.
 {¶ 7} In his single assignment of error, Shields argues that the trial court's sentence of more than the minimum prison term pursuant to R.C. 2929.14(B) violates principles announced inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. We agree, in light of the recent decision by the Ohio Supreme Court in State v. Foster, Ohio St.3d,2006-Ohio-856.
 {¶ 8} In Foster, the Ohio Supreme Court noted that inBlakely, the United States Supreme Court held that "aside from the exception for prior criminal convictions and the defendant's consent to judicial factfinding, the Sixth Amendment prohibits a judge from imposing a sentence greater than that allowed by the jury verdict or by the defendant's admissions at a plea hearing." Id. at ¶ 7.
 {¶ 9} Examining R.C. 2929.14(B) in light of Blakely, the Ohio Supreme Court noted that, "Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before * * *, the court must find that the shortest term will `demean the seriousness' of the crime or will inadequately protect the public * * *." Id. at ¶ 60. The Court found that "under R.C. 2929.14(B), therefore, a court is not authorized to exceed the shortest prison term unless it makes the additional findings. Since a jury verdict alone does not determine the sentence, R.C. 2929.14(B) violates Blakely principles." Foster at ¶ 61.
 {¶ 10} The Ohio Supreme Court found R.C. 2929.14(B) unconstitutional, severed it from Senate Bill 2, and ordered that cases on direct review be remanded for resentencing in light of its remedial severance. The Supreme Court further held that, after the severance, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 11} In accord with Foster, Shields' sentence is vacated and the matter is remanded to the trial court for resentencing.
 {¶ 12} This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Diane Karpinski, J., concur.