JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Larry Shields (appellant) appeals his four-year prison sentence as being contrary to law and violating his due process rights. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On May 23, 2005, the court sentenced appellant to four years in prison for attempted rape, a second-degree felony, and three years in prison for abduction, a third-degree felony, to run concurrently, for an aggregate prison term of four years. On May 11, 2006, we remanded appellant's case for resentencing under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. State v. Shields, Cuyahoga App. No. 86578,2006-Ohio-2316. On July 21, 2006, the court held a resentencing hearing and imposed the same prison sentence. It is from this order that appellant appeals.
 II {¶ 3} In his first assignment of error, appellant argues that his "sentence is contrary to law and violative of due process because the trial court failed to consider whether the sentence was consistent with the sentences imposed for similar crimes committed by similar offenders." In his second assignment of error, appellant argues that he "was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework." *Page 4 
 {¶ 4} We first note that appellant did not file the transcript from the July 21, 2006 resentencing hearing.
 "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 5} Assuming arguendo appellant had filed the transcript from his second sentencing hearing, his arguments fail as a matter of law. AfterFoster, "[t]rial courts have full discretion to impose a prison sentence within a statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra, at paragraph seven of the syllabus. Additionally, we have held that "the remedial holding of Foster does not violate [a defendant's] due process rights or the ex post facto principles contained therein" because the defendant "had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced." State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715. *Page 5 
 {¶ 6} In the instant case, appellant's sentence is within the statutory range for the offenses to which he pled guilty. Accordingly, his two assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR *Page 1