[Cite as *S. Euclid v. Silver*, 2020-Ohio-5185.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF SOUTH EUCLID,                      :

    Plaintiff-Appellee,                    :

                                         No. 109234

    v.                                     :

REGINA SILVER,                             :

    Defendant-Appellant.                   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 5, 2020

---

Criminal Appeal from the South Euclid Municipal Court
Case No. TRD1900215A

---

### *Appearances:*

Michael Lograsso, City Law Director, and Timothy R. Sterkel, Assistant City Prosecuting Attorney, *for appellee.*

Regina Silver, *pro se.*

LARRY A. JONES, SR., J.:

{¶ 1} Defendant-appellant, Regina Silver ("Silver"), appeals her traffic convictions. For the reasons that follow, we affirm.

{¶ 2} In 2019, Silver was charged with a violation of South Euclid Codified Ordinances 331.22, driving on road from a place other than roadway; duty to yield,

and a violation of South Euclid Codified Ordinances 335.12, failure to stop after an accident. Silver was initially represented by counsel and filed a motion to suppress, which the trial court denied after a hearing. Silver was represented by multiple attorneys before deciding to proceed pro se.

{¶ 3} The matter proceeded to a bench trial at which the following pertinent evidence was presented.

{¶ 4} On January 18, 2019, Melonie Welchans ("Welchans"), who was seven months pregnant, was traveling east on Stanhope Road with two young children in the backseat of her car. A Cadillac SUV exited the parking lot of a Panda Express restaurant, attempting to turn west on Stanhope Road, and hit Welchans's driver's side door. Welchans testified that she looked into the front driver's side window of the vehicle that hit her and was able to get an unobstructed look at the woman who was driving the SUV.

{¶ 5} The Cadillac SUV sped away but Welchans noted the car's license plate number. Welchans called 911 and conveyed the information to dispatch. South Euclid police quickly arrived on scene and Welchans identified Silver as the driver of the Cadillac SUV.

{¶ 6} Welchans was treated at a local hospital due to pain she was having in her abdomen; she was put on bed rest for the remainder of her pregnancy.

{¶ 7} The trial court found Silver guilty of both charges, sentenced her to probation, suspended her driver's license for two years, and ordered her to pay fines, court costs, and restitution.

{¶ 8} Silver filed this pro se appeal raising the following assignment of error for our review:

I. The City of South Euclid Police Department used an impermissibly suggestive identification procedure. Given the circumstances, the identification of defendant lacked indicia of reliability.

{¶ 9} In her sole assignment of error, Silver challenges her conviction, arguing that the witness identification of her was unreliable and violated her due process rights. She further suggests that it was "physically impossible" for her car to have damaged Welchans's vehicle.

{¶ 10} Silver was convicted of South Euclid Codified Ordinances 331.22, which provides, in part:

331.22 DRIVING ONTO ROAD FROM PLACE OTHER THAN ROADWAY; DUTY TO YIELD

(a) The operator of a vehicle about to enter or cross a highway from any place other than another roadway shall yield the right-of-way to all traffic approaching on the roadway to be entered or crossed.

{¶ 11} Silver was also convicted of violating South Euclid Codified Ordinances 335.12, which provides, in part:

335.12 FAILURE TO STOP AFTER ACCIDENT.

(a)(1) In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:

A. Any person injured in the accident or collision;

B. The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;

C. The police officer at the scene of the accident or collision.

{¶ 12} Welchans testified that she was traveling east on Stanhope Road with her two young children when a Cadillac SUV exited the driveway of Panda Express restaurant and struck her car in a "t-bone" fashion. Welchans testified that there were no traffic signals or yield signs on the road and she had the right of way.

{¶ 13} According to Welchans, at the time of the impact, her driver's side window was less than three feet away from the Cadillac's driver's side window. Welchans looked "right" at the face of the driver and her view of the driver's face was unobstructed.

{¶ 14} After the impact, Welchans pulled off the road to check on her young passengers. Welchans testified that the other driver briefly stopped and got out of her car, but only to check on her own Cadillac. The driver walked around her vehicle, got back into her car, and sped off in the opposite direction. Welchans called police and relayed the type and color of the car that hit her as well as its license plate number. Police arrived on scene and Welchans repeated the information. One of the responding officers pulled Silver's driver's license photo up on his computer screen and showed it to Welchans, who positively identified Silver as the woman who was driving the Cadillac SUV. Welchans was "100

percent sure" that Silver was driving the car, noting that the clothing Silver was wearing was similar to the clothing she wore in her license photo.

{¶ 15} Silver argues that she was not the person that hit Welchans's car, but even if it was her who hit Silver's car, she did not "leave the scene" of the accident because the police talked with her within 24 hours of the time the accident occurred.

{¶ 16} To support her argument, Silver cites R.C. 4549.02, the state statute that requires a motorist to stop after an accident to exchange information and vehicle registration. But Silver was not charged with or convicted of violating R.C. 4549.02, which is a state statute. She was charged with and convicted of violating a municipal ordinance, South Euclid Codified Ordinances 335.12.

{¶ 17} Welchans testified that Silver stopped, got out of her car and walked around it inspecting it, then got back into the car and sped away. While R.C. 4549.03, which involves the failure to stop after an accident involving other's property, provides for a 24-hour notification grace period, neither R.C. 4549.02 nor South Euclid Codified Ordinances 335.12, provide for any type of delayed notification.[1]

{¶ 18} Silver also argues that the identification procedures the police used were impermissibly suggestive because Welchans identified her from her driver's

---

[1]South Euclid Codified Ordinances 335.13(a)(2) prescribes procedures for stopping after an accident on "any public or private property other than a public road or highway" and allows for the operator involved in the accident to provide information to the police within 24 hours after the accident. The collision in this case was on a public road and Silver was not charged with a violation of South Euclid Codified Ordinance 335.13.

license photo. Welchans testified that she told the responding police officer Silver's license plate number and the officer "pulled it up on his screen," and asked Welchans, "was this the woman who hit you?" Welchans positively identified Silver, commenting that Silver was wearing something "very similar" in her driver's license photo to what she was wearing that day.

{¶ 19} Silver's argument here was the basis for her motion to suppress that was filed by her attorney during pretrial proceedings. The trial court held a hearing on the motion to suppress and subsequently denied the motion.

{¶ 20} Silver did not ask for the transcript of the motion to suppress hearing to be transmitted to this court; this court is only in possession of the transcript from her trial. App.R. 9 provides: "Except as provided by App.R. 11.2(B)(3)(b), it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App. R. 9(B)(6)."

{¶ 21} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *State v. Shields*, 8th Dist. Cuyahoga No. 88642, 2007-Ohio-3535, ¶ 4, citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978).

{¶ 22} We are unable to review Silver's claim that police employed impermissibly suggestive identification procedures because Silver did not request

the transcript from the hearing on her motion to suppress.  Moreover, in her appellate reply brief, Silver insists that she is not challenging the trial court's ruling on her motion to suppress.

{¶ 23} Thus, because we do not have the transcript of the motion to suppress hearing, which is necessary to review this portion of Silver's argument, and because Silver has stated that she is not challenging the trial court's ruling on her motion to suppress, we will presume the regularity of the trial court proceedings.  *See Sullivan v. Willhoite*, 2d Dist. Montgomery No. 27968, 2018-Ohio-4234, ¶ 12.

{¶ 24} The sole assignment of error is overruled.  Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
RAYMOND C. HEADEN, J., CONCUR